|  |  |
|---|---|
| ANNA MARIE PHILLIPS,<br><br>        Plaintiff,<br><br>v.<br><br>THE COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | **1:11-cv-1928-EPG**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA**<br><br>**(Doc. 32)** |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## INTRODUCTION

Plaintiff filed a complaint against the Commissioner of Social Security ("the Commissioner") challenging the denial of her application for Disability Insurance Benefits on November 18, 2011. (Doc. 1.) On November 20, 2012, this Court issued an order and judgment finding that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence and was based on proper legal standards. (Docs. 21 and 22.)

Plaintiff timely filed an appeal with the Ninth Circuit Court of Appeals ("Ninth Circuit") on January 10, 2013. (Doc. 23). On August 18, 2015, the Ninth Circuit issued a Memorandum vacating this Court's judgment with instructions that the case be remanded to the Social Security Administration for further consideration. (Docs. 27). A mandate was issued on October 14, 2015. (Doc. 30). On October 16, 2015, this Court remanded the case to the Commissioner. (Doc. 31).

1

On November 11, 2015, Plaintiff filed the instant Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA") requesting payment in the amount of $4,565.58, and $14.00 in costs in this Court.[1] (Docs. 32 and 37.)  Defendant opposes the motion on the basis that the Commissioner's position was substantially justified. (Doc. 36.) Plaintiff also simultaneously filed a Motion for Attorney's Fees at the Ninth Circuit for reimbursement for services rendered for the appeal. Pursuant to the parties' stipulation, the Court stayed the instant motion pending the resolution of the Motion for Attorney's Fees at the Ninth Circuit because the same issues were raised in each motion.  (Docs. 39 and 40.)  On March 10, 2016, the Ninth Circuit awarded $10,755.58 to Plaintiff for attorney's fees and costs. This Court lifted its stay on March 23, 2016. (Doc. 43.) Upon a review of the pleadings, Plaintiff's motion is GRANTED.

## DISCUSSION

### I.    Legal Standard

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and expenses. 28 U.S.C. § 2412(d)(1)(A) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, when a claimant wins a remand based on an incorrect decision by the Commissioner, attorneys' fees are to be awarded unless the Commissioner shows that she was "substantially justified" in her position, or that special circumstances make an award unjust. *Meier v. Colvin*,

---

[1] This amount is for a total of 26.6 hours of work (3.2 hours for paralegal services and 23.4 hours for attorney services) and includes fees for filing the instant motion, as well as the reply. (Doc. 37).

2

727 F. 3d 867, 869-870 (9th Cir. 2013); *see also*, *Lewis v. Barnhardt*, 281 F. 3d 1081, 1083 (9th Cir. 2002).

Under the EAJA, attorney's fees paid must also be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). The amount of the fee must be determined based on the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In making this determination, courts should apply the "lodestar" method to determine what constitutes reasonable attorney's fees. *Hensley*, 461 U.S. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

**II.     Analysis**

Here, although the Defendant has argued that the Commissioner's position was substantially justified, the Ninth Circuit awarded attorney's fees and costs to Plaintiff's counsel. Accordingly, this Court finds that the Commissioner's position was not substantially justified. Additionally, there are no special circumstances that makes this award unjust. Finally, the Court has reviewed Plaintiff's request and finds the amount for attorney's fees and costs to be reasonable.

Plaintiff's counsel requests that the fees be paid directly to the Law Office of Lawrence D. Rohlfing pursuant to an assignment agreement. However, the Court agrees with the Commissioner that any award under the EAJA must be made payable to Plaintiff because the Treasury Offset Program requires that the government consider whether the fees are subject to any government offset. *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If Plaintiff does not owe a government debt that qualifies for the offset, then payment may be made in the name of Plaintiff's counsel based on the government's discretionary waiver of the requirements in the Anti-Assignment Act, 31 U.S.C. § 3727.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that :

1)   Plaintiff's Motion for Attorneys' Fees (Doc. 32) be GRANTED. Plaintiff's counsel is

awarded $4,579.58 ($4,565.58 in fees and $14.00 in costs);

2) This amount shall be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521, and mailed to counsel's office[2] at the Law Offices of Lawrence D. Rohlfing, 12631 East Imperial Highway, Suite C-115, Sante Fe Springs, CA 90670; and

3) If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the fee award shall be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of her interest in the fee award.

IT IS SO ORDERED.

Dated:  **March 30, 2016**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] *See Shreves v. Colvin*, No. CV–11–8076–PCT (BSB), 2013 WL 4010993, at *5 (D. Ariz. Aug. 6, 2013) ("However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.")